UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

JAMES MICHAEL LEONARD

                  Defendant.
------------------------------------------------------X

MEMORANDUM AND ORDER

CR 02-881 (LDW) (S-3)
(Wexler, J.)

WEXLER, District Judge

Before the retrial of this action, defendant James Michael Leonard ("Leonard") moved for dismissal or, alternatively, to suppress his Securities and Exchange Commission ("SEC") deposition and documents on the ground that there was improper "collusion" between the SEC and the United States Attorney's Office ("USAO") in the investigation of the Little Giant and Heritage private placement securities fraud schemes. Leonard requested a hearing before the retrial. The government opposed the hearing and motion. The Court allowed the evidence at the retrial, subject to Leonard's right to a hearing in the event of a conviction. Leonard was convicted. Thereafter, he renewed the motion to dismiss or suppress and his request for a hearing. Leonard has also moved for a judgment of acquittal or new trial. The government has opposed both motions.

As for the motion to dismiss or suppress, a hearing was held on January 10, 2008, with testimony from FBI Special Agent Michael Varrone, SEC attorney Justin Arnold, and former AUSA James Tatum. At the conclusion of the hearing, the Court reserved decision to allow the parties to submit supplemental briefs. The parties have submitted the transcript of the hearing and supplemental briefs. According to Leonard, the USAO improperly colluded with the SEC by manipulating the SEC civil investigation discovery procedures to obtain evidence against

Leonard for use in the criminal proceedings without advising him that he was a target of the criminal investigation. Leonard maintains that the record demonstrates that the federal criminal investigation and the SEC investigation were, in fact, a "single, unitary investigation." Supplemental Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, to Suppress Deposition Testimony and Documents, at 7. Nevertheless, Leonard requests a supplemental hearing, complaining that the witnesses at the January 10 hearing have "raised more questions than they answered." Id. at 14.

Upon consideration, the Court denies the motion to dismiss or suppress and the request for a supplemental hearing. The record does not demonstrate that there was improper "collusion" between the SEC and the USAO. To the contrary, the record shows that there were two investigations – the SEC's civil investigation and the criminal investigation – proceeding in parallel. Although there may have been some coordination of efforts by the SEC and the Department of Justice to avoid duplication of efforts in pursuing the parallel investigations, the record does not reveal that the FBI or the USAO improperly or secretly manipulated or controlled the SEC's investigation, including Leonard's SEC deposition. Indeed, both AUSA Tatum and FBI Special Agent Varrone testified that they never directed the SEC as to the steps it should take in the SEC's investigation or what questions to ask Leonard in Leonard's SEC deposition. SEC attorney Arnold testified that his questions to Leonard were based on the interests of the SEC investigation and that no one from the FBI or the USAO told him what questions to ask.

Despite Leonard's contentions, the record indicates that the criminal prosecution resulted from evidence developed in the criminal investigation. Nevertheless, the "prosecution may use

evidence obtained in a civil proceeding in a subsequent criminal action unless the defendant shows that to do so would violate his constitutional rights or depart from the proper administration of criminal justice." United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir. 1987). Contrary to Leonard's argument, the record does not present circumstances demonstrating a "departure from the proper administration of criminal justice," as found, for example, in United States v. Scrushy, 366 F. Supp. 2d 1134 (N.D. Ala. 2005) (dismissing indictment upon finding that USAO's office used SEC investigation to gather evidence rather than conduct its own parallel investigation, that prosecutors directed SEC investigation to manipulate venue and facilitate development of record to support criminal charges, and that government engaged in deceit to conceal involvement of prosecutors). Accordingly, Leonard's motion to dismiss or suppress is denied, as is his request for a supplemental hearing.

As for the motion for judgment of acquittal or new trial, upon consideration, the motion is denied.

Accordingly, Leonard's motions are denied. Sentencing is scheduled for June 23, 2008, at 11:00 a.m.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 1, 2008